# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 19, 2022

Lyle W. Cayce
Clerk

No. 21-60424
Summary Calendar

Oscar Danilo Gonzales-Jimenes,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A213 544 246

Before Davis, Smith, and Dennis, *Circuit Judges*.

Per Curiam:[*]

Oscar Danilo Gonzales-Jimenes, a native and citizen of Honduras, petitions for review of a decision of the Board of Immigration Appeals (BIA) affirming the immigration judge's (IJ's) denial of his application for asylum,

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

withholding of removal, and protection under the Convention Against Torture (CAT).

This court has the authority to review only the final decision of the BIA unless the underlying decision of the IJ influenced the BIA's decision. *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). In Gonzales-Jimenes's case, the BIA affirmed the findings and conclusions of the IJ. Therefore, we review both decisions. *See id.*

The BIA's legal conclusions are reviewed de novo. *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012). We review the BIA's factual findings for substantial evidence, and we will not disturb such findings unless the evidence compels a contrary conclusion. *Id.* at 517-18.

Gonzales-Jimenes argues that the BIA erred in affirming the IJ's adverse credibility determination because the IJ did not consider the "totality of the circumstances" in evaluating his credibility and, instead, relied exclusively on the omissions from his credible fear interview.

It is clear from the record, however, that the IJ and the BIA considered the "totality of the circumstances" in making the adverse credibility determination in Gonzales-Jimenes's case. *See Singh v. Sessions*, 880 F.3d 220, 225 (5th Cir. 2018). Moreover, under this court's precedent, "an IJ may rely on *any* inconsistency or omission . . . so long as the totality of the circumstances establishes that an asylum applicant is not credible." *Arulnanthy v. Garland*, 17 F.4th 586, 593 (5th Cir. 2021) (internal quotation marks and citation omitted). "This includes inconsistencies and omissions that arise when comparing an applicant's statements in a credible-fear interview to his testimony at an immigration hearing." *Id.*

Gonzales-Jimenes has failed to demonstrate that no reasonable factfinder could make an adverse credibility ruling in his case. *See Singh*, 880 F.3d at 225. Thus, substantial evidence supports the BIA's adverse

credibility determination. *See id.* Without credible evidence, the BIA had no basis to grant asylum or withholding of removal. *See Chun v. INS*, 40 F.3d 76, 79 (5th Cir. 1994). Accordingly, we will not disturb the agency's denial of these claims.

Gonzales-Jimenes argues that the BIA erred in affirming the IJ's denial of CAT protection because the IJ applied the wrong standard in evaluating his CAT claim. The IJ found that Gonzales-Jimenes was not eligible for CAT protection because he had "failed to establish by clear and convincing evidence [that] the Honduran government [would] more likely than not torture him upon his return." Gonzales-Jimenes complains that this is an incorrect statement of the standard because "torture" as defined under 8 C.F.R. § 1208.18(a)(1) includes—in addition to torture instigated by the government—a government's acquiescence to torture.

As the BIA found, the IJ's failure to use "precise" language in setting out the standard for evaluating a CAT claim was harmless error because Gonzales-Jimenes "had not independently established his CAT claim given his lack of credibility." In cases where there is "no independent, non-testimonial evidence going to the likelihood of torture," the adverse credibility finding is dispositive of a CAT claim. *Arulnanthy*, 17 F.4th at 598. Because Gonzales-Jimenes failed to produce such evidence, the BIA reasonably concluded that, given the lack of credible testimony, he had failed to meet his burden of proof for CAT protection. *See id.*

The petition for review is DENIED.